UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3511 ABC (PJWx) | Date | February 19, 2014 |
|---|---|---|---|
| Title | William G. Kocol, et al. v. United States of America, et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None   None

**Proceedings:**   ORDER DENYING Plaintiffs' Motion for Reconsideration and Motion for Judgment on First Amended Complaint (In Chambers)

Pending before the Court is Plaintiffs' Motion for Reconsideration of Order of Substitution and Order Granting Defendants' Motion to Dismiss First Amended Complaint, filed on January 23, 2014. (Docket No. 36.) Federal Defendants opposed on February 3 and Plaintiffs replied on February 12. (Docket Nos. 46, 55.) Also pending before the Court is Plaintiffs' Motion for Judgment on First Amended Complaint, filed on January 27, 2014. (Docket No. 40.) Federal Defendants opposed on February 3 and Plaintiffs replied on February 12. (Docket Nos. 47, 54.) The Court finds these matters appropriate for resolution without oral argument and **VACATES** the February 24, 2014 hearing date.[1] Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons below, Plaintiffs' motion for reconsideration and motion for judgment on the FAC are **DENIED**.

### I.   The Court Lacks Jurisdiction to Consider Plaintiffs' Motion for Reconsideration

Five days after filing their motion for reconsideration, Plaintiffs filed a Notice of Appeal regarding the Court's December 30, 2013 Order Granting in Part and Denying in Part Federal Defendants' Motion to Dismiss Plaintiffs' FAC—the same order that Plaintiffs request this Court to reconsider. (Docket No. 43.) "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 59 (1982). Given Plaintiffs' filing of the notice of appeal, the Court lacks jurisdiction to consider the motion for reconsideration. Plaintiffs are **ORDERED** to timely notify the Court if Plaintiffs dismiss their appeal or, alternatively, when the Ninth Circuit rules upon Plaintiffs' appeal.

---

[1] The Court notes that Officer Burnett's Motion for Reconsideration of the Court's Order Denying Him Qualified Immunity, which is also set for hearing on February 24, remains on calendar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3511 ABC (PJWx) | Date | February 19, 2014 |
|---|---|---|---|
| Title | William G. Kocol, et al. v. United States of America, et al. | | |

**II.     Plaintiffs' Motion for Judgment on the FAC Is Denied**

In a two-page motion, Plaintiffs seek judgment on the FAC on the grounds that Officer Burnett has not filed an Answer, which they believe was due 14 days after the Court's December 30, 2013 Order. Federal Defendants explain in their opposition that (1) Plaintiffs' "Motion for Judgment" is procedurally improper because Federal Rule of Civil Procedure 12(a)(4) is not used to bring such a motion and Federal Rule of Civil Procedure 12(c) is inapplicable because the pleadings are not yet closed; (2) the motion lacks merit because Officer Burnett's motion for reconsideration of the Court's Order is still pending and tolls the time to file an Answer until the Court has ruled on the motion; and (3) the motion was filed for an improper purpose after defense counsel and Plaintiffs' counsel agreed that Officer Burnett did not need to file an Answer.

The Court agrees that Officer Burnett does not need to file an Answer until the Court rules on his motion for reconsideration, and that it would be a waste of time to file an Answer before then. See Fed. R. Civ. P. 1. Given that the grounds for Plaintiffs' motion for judgment on the FAC have nothing to do with the subject of the appeal, the Court **DENIES** the motion.

**III.     *Pro Se* Representation**

The Court has also reviewed Plaintiffs' "Request for Approval of Substitution or Withdrawal of Counsel," filed on February 13, 2014, in which Scott C. McKee withdraws as attorney and William G. Kocol indicates he will be representing himself *pro se*. (Docket No. 53.) Based on this form and the two replies (Docket Nos. 54, 55), it appears Mr. Kocol also purports to be representing Timothy A. Gajewski. If so, this is a violation of Local Rule 83-2.2.1, which states, "Any person representing himself or herself in a case without an attorney must appear *pro se* for such purpose. **That representation may not be delegated to any other person – even a spouse, relative, or co-party in the case.**" (Emphasis added.)

Mr. Gajewski is **ORDERED** to inform the Court **no later than February 24, 2014** whether he will be proceeding *pro se* or whether he continues to be represented by Mr. McKee or other counsel. Plaintiffs are reminded that "[a]ny person appearing *pro se* is required to comply with the[] Local Rules" and the Federal Rules of Civil Procedure. L.R. 83-2.2.3.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
|  | Initials of Preparer | AB |