UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3511 ABC (PJWx) | Date | April 7, 2014 |
|---|---|---|---|
| Title | William G. Kocol, et al. v. United States of America, et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** ORDER GRANTING Officer Burnett's Motion for Reconsideration of Denial of Qualified Immunity and **DENYING** Plaintiffs' Motion for Reconsideration of Order of Substitution and Order Granting Defendants' Motion to Dismiss First Amended Complaint (In Chambers)

Pending before the Court is Officer Burnett's Motion for Reconsideration of the Court's Order Denying Him Qualified Immunity, filed on January 15, 2014.  (Docket No. 35.)  Plaintiffs William G. Kocol and Timothy A. Gajewski opposed on January 29 and Officer Burnett replied on February 10. (Docket Nos. 44, 50.)  Also pending before the Court is Plaintiffs' Motion for Reconsideration of Order of Substitution and Order Granting Defendants' Motion to Dismiss First Amended Complaint, which was filed on January 23, 2014.  (Docket Nos. 36.)  The Federal Defendants opposed on February 3 and Plaintiffs replied on February 12.  (Docket Nos. 46, 55.)  For the reasons set forth below, the Court **GRANTS** Officer Burnett's motion for reconsideration of denial of qualified immunity and **DENIES** Plaintiffs' motion for reconsideration of order of substitution and order granting Defendants' motion to dismiss the Second through Fifth Causes of Action in the FAC.

**I.      Officer Burnett Is Entitled to Qualified Immunity as to the First Cause of Action**

Officer Burnett seeks reconsideration of this Court's December 30, 2013 Order denying him qualified immunity.  He bases his request on the grounds that the Court erred as a matter of law in finding that Plaintiffs' FAC alleged facts that, if true, would establish that (1) he personally violated Plaintiffs' constitutional rights; and (2) the specific right in question was "clearly established" at the time of the alleged constitutional violation.  (Mem. at 1.)

"[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Pearson v. Callahan, 555 U.S. 223, 231 (2009), quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The purpose of such immunity is to ensure that public officials may be held "accountable when they exercise power irresponsibly," while "shield[ing]" them "from harassment, distraction, and liability when they perform their duties reasonably."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3511 ABC (PJWx) | Date | April 7, 2014 |
|---|---|---|---|
| Title | William G. Kocol, et al. v. United States of America, et al. | | |

Denial of qualified immunity is appropriate when (1) "the facts that a plaintiff has alleged . . . make out a violation of a constitutional right"; and (2) "the right at issue was clearly established at the time of defendant's alleged misconduct." Id. at 232 (internal quotation marks omitted). These prongs need not be addressed in order; courts may "exercise their sound discretion in deciding which of the two prongs . . . should be addressed first in light of the circumstances in the particular case at hand." Id. at 236. "The first prong assesses whether the wrong a plaintiff alleges is, in fact, a constitutional violation. The second prong assesses the objective reasonableness of the official's conduct in light of the decisional law at the time: A right is clearly established for purposes of qualified immunity only where the contours of the right are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Moss v. U.S. Secret Service, 675 F.3d 1213, 1223 (9th Cir. 2012) (citation and internal quotation marks omitted).

The FAC alleges that Officer Burnett took the following actions when processing Plaintiffs re-entry into the United States on December 29, 2012:

- Looked at Plaintiffs' passports and asked what Plaintiffs' family relationship was after Plaintiff Kocol handed him a "customs form filled out indicating that he was the 'head of household,' and was traveling with one family member" (FAC ¶ 10);

- Shook his head when Plaintiffs answered their family relationship was "husband" (id.);

- Asked for a copy of Plaintiffs' marriage certificate (id.);

- Signaled for the next person in line and began processing them after Plaintiffs asked to speak with a supervisor (id. ¶ 11);

- Shouted "You don't tell me what to do" when Plaintiff Kocol stated he was there first (id.);

- "[C]aused" four or five armed Customs and Border Protection Officers to "appear" and form a semicircle around Plaintiffs (id. ¶ 12);

- Shouted at Plaintiff Kocol that he was "only asking to see their marriage certificate" and "coming around the booth and approaching [Kocol] from the right." (Id. ¶¶ 12-13.) An armed CBPO put his hand up to keep Burnett from coming closer and Officer Burnett "stopped about two feet" from Plaintiff Kocol. Id. ¶ 13.

Based on these factual allegations, Plaintiffs' First Cause of Action, entitled "Fifth Amendment Violations," alleges that Officer Burnett violated their right to travel, due process, and equal protection. (FAC ¶¶ 28-30.)

Travelers must be members of one household to be eligible to travel on a single CBP Form

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3511 ABC (PJWx) | Date | April 7, 2014 |
|---|---|---|---|
| Title | William G. Kocol, et al. v. United States of America, et al. | | |

6059B declaration. 19 C.F.R. 148.34(b). The Court has requested, and Officer Burnett has filed, a copy of Customs Form 6059B that Plaintiffs provided to him on December 29, 2012. (Docket No. 69-1.) The form has William G. Kocol's name with "Kocol" as "Family Name," and lists the "Number of Family Members traveling with you" as "1." Id. In ruling on a motion to dismiss, the Court may "consider certain materials . . . without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). This document puts to rest any claim that CBP Form 5069B was "*not* the customs card that Plaintiffs presented to Defendant Burnett." (Docket No. 31 [Pltfs' Opp. to MTD] at 31.)

In connection with Customs Form 6059B, the regulation that Officer Burnett was tasked with enforcing defined "members of a family in one household" as "all persons, regardless of age, who:

(1) Are related by blood, marriage, or adoption;
(2) Lived together in one household at their last permanent residence; and
(3) Intend to live together in one household after their arrival in the United States."

19 C.F.R. 148.34(b); see also Declaration of Anne M. Sittmann ¶¶ 2-3 (attaching copy of United States Customs and Border Protection website regarding "Travelers eligible to file a joint or family declaration on a CBP Form 5069B" as it appeared prior to August 9, 2013).

As of December 29, 2012, Plaintiffs did not satisfy the first prong of the regulation under federal law, which at the time did not recognize state law marriages of same-sex couples for purposes of federal benefits. United States v. Windsor, 133 S.Ct. 2675 (2013), the Supreme Court decision which struck down the Defense of Marriage Act's ("DOMA") definition of marriage as unconstitutional, was not decided until June 26, 2013 – approximately six months *after* the events alleged in the FAC. Indeed, the Supreme Court recognized in Windsor the very problem created by "two contradictory marriage regimes within the same State," thereby "forc[ing] same-sex couples to live as married for the purpose of state law but unmarried for the purpose of federal law . . . ." Id. at 2694. The contours of the Supreme Court's holding are still being explored. See, e.g., SmithKline Beecham Corp. v. Abbott Laboratories, 740 F.3d 471, 483 (9th Cir. 2014) ("Our earlier cases applying rational basis review to classifications based on sexual orientation cannot be reconciled with Windsor.").

Upon reconsideration, given the state of the law at the time of the alleged misconduct, it cannot be said that Plaintiffs' right to travel under the due process clause of the Fifth Amendment and equal protection was "clearly established." Because Officer Burnett was operating under DOMA – the decisional law at the time – his refusal to process Plaintiffs' re-entry under a single customs form was in accord with the federal regulation. See Ashcroft v. Al-Kidd, 131 S.Ct. 2074, 2083 (2011) ("the contours of a right [must be] sufficiently clear that every reasonable official would have understood that what he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3511 ABC (PJWx) | Date | April 7, 2014 |
|---|---|---|---|
| Title | William G. Kocol, et al. v. United States of America, et al. | | |

is doing violates that right"). Officer Burnett is therefore entitled to qualified immunity as to Plaintiffs' First Cause of Action.

The remainder of Officer Burnett's alleged actions (shaking his head when Plaintiffs answered their family relationship was "husband," asking for a copy of their marriage certificate, shouting "You don't tell me what to do," coming around the booth, etc.) do not change this result.[1] Accepting all of these allegations as true, the Court does not approve of Officer Burnett's conduct; however, his actions do not constitute a violation of constitutional rights, either singly or in the aggregate. Furthermore, as to the alleged events that occurred after the other agents intervened, the law is clear that under Bivens, Officer Burnett cannot be held responsible for the acts of others. See Jones v. Williams, 297 F.3d 930, 934-35 (9th Cir. 2002) (liability for constitutional violations requires "a showing of personal participation in the alleged rights deprivation"); Chuman v. Wright, 76 F.3d 292, 295 (9th Cir. 1996) (applying a "team effort" standard is impermissible because it "allows the jury to lump all the defendants together, rather than require it to based each individual's liability on his own conduct").

## II. Plaintiffs' Motion for Reconsideration Is Denied

Plaintiffs seek reconsideration of the Court's December 11, 2013 Order, which allowed the substitution of the United States as a party for the individual Defendants named in Plaintiffs' second through fifth causes of action. (Docket No. 30.) Plaintiffs also seek reconsideration of the portion of the Court's December 30, 2013 Order dismissing without prejudice the second through fifth causes of action. (Docket No. 33.)

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court stated, "Having concluded that petitioner's complaint states a cause of action under the Fourth Amendment, we hold that petitioner is entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment." Bivens "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Western Radio Services Co. v. U.S. Forest Service, 578 F.3d 1116, 1119 (9th Cir. 2009) (citation omitted).

The Federal Tort Claims Act ("FTCA") is a limited waiver of the United States' sovereign immunity that allows suits against the United States for injury to, or loss of, property or for personal injury or death caused by the negligent or wrongful act or omission of any employee of the government, acting within the scope of his office or employment, under circumstances in which a private person would be liable under the law of the state where the act or omission occurred. 28 U.S.C. § 1346(b)(1). The Supreme Court has stated that it is "crystal clear that Congress views the FTCA and Bivens as parallel, complementary causes of action[.]" Carlson v. Green, 446 U.S. 14, 20 (1980).

---

[1] Because the allegation that Officer Burnett "caused" four or five armed CBP officers to "appear" is conclusory, the Court does not consider it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3511 ABC (PJWx) | Date | April 7, 2014 |
|---|---|---|---|
| Title | William G. Kocol, et al. v. United States of America, et al. | | |

Just as they did in their previous filings, Plaintiffs assert that their second through fifth causes of action for assault and battery, unlawful detention, slander, and intentional infliction of emotional distress ("IIED") state "constitutional violations under Bivens." (Mem. at 6.) They claim that the preceding paragraphs in the FAC, which are incorporated into each cause of action, allege that the conduct was undertaken "based solely on animus toward [sic] Plaintiffs' sexual orientation and status as a same-sex married couple" in violation of the equal protection and due process clauses of the Fifth Amendment. (FAC ¶¶ 1-5.) Plaintiffs' position is summarized in a lengthy footnote in their opposition that references "the Equal Protection component of the Due Process Clause of the Fourth [sic] Amendment[2]" and then inserts the particular tort claim followed by the statement that the conduct was "based solely on animus towards them as a homosexual couple." (Mem. at 5, n.1; see, e.g., "The second claim for relief alleges that the named Defendants violated the Equal Protection component of the Due Process Clause of the Fourth Amendment of the Constitution of the United States by denying Plaintiffs their right *to be free from assault and battery and* to travel based solely on animus towards them as a homosexual couple.") (emphasis in original).

The Court has once again reviewed the second through fifth causes of action to determine whether they actually or even by inference allege Fifth Amendment violations.[3] They do not. Plaintiffs' approach of referencing the Fifth Amendment and Bivens in the introductory allegations does not adequately state constitutional claims as to each specific cause of action. To hold otherwise would allow conversion of any tort claim into a Bivens action by merely referencing the Fifth Amendment. Plaintiffs have cited no cases that support broadening Bivens to encompass traditional state law torts, including assault and battery, unlawful detention, slander, or intentional infliction of emotional distress, in the absence of a constitutional claim. Carlson v. Green, 446 U.S. 14 (1980), a case relied on by Plaintiffs for the proposition that constitutional claims may also constitute statutory common law torts, is inapplicable. In Carlson, the Supreme Court considered a claim for damages brought by the estate of a federal prisoner, alleging he had died as the result of government officials' "deliberat[e] indifference" to his medical needs — indifference that violated the Eighth Amendment. Id. at 16. After noting that state law offered the particular plaintiff no meaningful damages remedy, the Court implied an action for damages from the Eighth Amendment. Id. at 17-18.

In contrast, Plaintiffs have not alleged constitutional violations in their second through fifth causes of action. Moreover, Plaintiffs' situation "does not call for creating a constitutional cause of action for want of other means of vindication." Wilkie v. Robbins, 551 U.S. 537, 555 (2007) (holding landowner did not have a Bivens claim against government employees who allegedly used extortion in attempt to force him to grant an easement to the Bureau of Land Management). Indeed, the Supreme

---

[2] Plaintiffs likely intended to refer to the Fifth Amendment here, as there is no due process clause in the Fourth Amendment.

[3] Plaintiffs have neither raised nor alleged, and the Court has therefore had no occasion to consider, whether any other constitutional amendments may apply, such as the Fourth Amendment in connection with the unlawful detention claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3511 ABC (PJWx) | Date | April 7, 2014 |
|---|---|---|---|
| Title | William G. Kocol, et al. v. United States of America, et al. | | |

Court has stated that "in most instances we have found a Bivens remedy unjustified." Wilkie v. Robbins, 551 U.S. 537, 549-50 (2007) (after Bivens, the Supreme Court has only "recognized two more nonstatutory damages remedies, the first for employment discrimination in violation of the Due Process Clause" and "the second for an Eighth Amendment violation by prison officials"); Davis v. Passman, 442 U.S. 228, 248 (1979) ("[A] plaintiff seeking a damages remedy under the Constitution must first demonstrate that his constitutional rights have been violated. We do not hold that every tort by a federal official may be redressed by damages.").

Plaintiffs use their fifth cause of action for intentional infliction of emotional distress as an example, stating that the Court's dismissal of the IIED claim, in effect, "held as a matter of law that the intentional infliction of emotional harm by government officers against citizens based solely on antigay animus does *not* give rise to a Bivens claim." (Mem. at 7.) This statement reveals Plaintiffs' fundamental misunderstanding of Bivens. IIED is not the basis of a constitutional claim, and Plaintiffs provide no case law in which any court has construed an IIED claim as a violation of the Fifth Amendment's due process or equal protection clause. In fact, the limited case law on this issue (likely because most plaintiffs do not attempt to plead IIED in this fashion) is to the contrary. See, e.g., Mathew v. Central Falls Detention Facility Corp., No. 09-253S, 2011 WL 6056713, at *6 (D.R.I. Sept. 30, 2011) ("Plaintiff purports to assert a Bivens claim for intentional infliction of emotional distress under Rhode Island law against the Individual Capacity Federal Defendants. Plaintiff mislabels his claim as a Bivens claim, and it is instead a claim under the FTCA."); Ratigan v. Trogvac, No. 4:CV-08-1667, 2009 WL 648931, at *31 (M.D. Pa. Mar. 11, 2009) ("Plaintiff cannot raise a state law Intentional Infliction of Emotional Distress ["IIED"] claim in this Bivens civil rights action. The FTCA, and not a Bivens action, is for claims against employees of the United States for money damages with respect to a tort cause of action."); see Banks v. Roberts, 251 Fed. App'x 774, 777 n.4 (3d Cir. 2007) (finding district court "correctly construed Banks' negligence claim under the FTCA, noting that it could not consider his negligence claim under Bivens, because negligence is not the basis of a constitutional claim").

For the foregoing reasons, Plaintiffs' motion for reconsideration is denied. Plaintiffs' Second through Fifth Causes of Action remain dismissed without prejudice to Plaintiffs' exhaustion of their administrative remedies.

### III. Conclusion

Accordingly, the Court **GRANTS** Officer Burnett's motion for reconsideration of denial of qualified immunity and **DENIES** Plaintiffs' motion for reconsideration of order of substitution and order granting Defendants' motion to dismiss the second through fifth causes of action without prejudice to Plaintiffs' exhaustion of their administrative remedies as required by the FTCA.

For the reasons set forth in this Order, the Court will not entertain any further arguments regarding the viability of the second through fifth causes of action as Bivens claims under the Fifth Amendment. In this respect, those claims are dismissed with prejudice. If Plaintiffs believe that their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3511 ABC (PJWx) | Date | April 7, 2014 |
|---|---|---|---|
| Title | William G. Kocol, et al. v. United States of America, et al. | | |

facts support some other constitutional violation under <u>Bivens</u>, consistent with Federal Rule of Civil Procedure 11, they may file a Second Amended Complaint **no later than twenty (20) days** from the date of this Order.[4] If Plaintiffs do not amend within twenty (20) days from the date of this Order, the case will be dismissed without prejudice to Plaintiffs' later timely filing of claims pursuant to the FTCA.

**IT IS SO ORDERED.**

                                                                                                                                                                           :

Initials of Preparer            CB

---

[4] If Plaintiffs have in fact exhausted their administrative remedies as required by the FTCA, they may also amend those claims. 28 U.S.C. § 2401 ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."). The Court expresses no opinion as to the viability of such claims under the FTCA.